UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILFRED ALBANESE : | |
| : | |
| v.  : | C.A. No. 20-00345-WES |
| : | |
| EDWARD BLANCHETTE, et al. : | |

**MEMORANDUM AND ORDER**

Before this Court are Plaintiff Wilfred Albanese's Motions for Appointment of Counsel. (ECF Nos. 24, 27). The Motions have been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). For the reasons set forth below, Plaintiff's Motions for Appointment of Counsel (ECF Nos. 24, 27) are DENIED but without prejudice to being refiled in the future if the circumstances change.

In the appropriate case, the Court may "request an attorney to represent any person unable to afford counsel" in a civil case. 28 U.S.C. § 1915(e)(1). However, there is no absolute right to appointed counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991). Plaintiff bears the burden of demonstrating that "exceptional circumstances [a]re present such that a denial of counsel [i]s likely to result in fundamental unfairness impinging on his due process rights." DesRosiers, 949 F.2d at 23. In determining whether exceptional circumstances exist, the Court must examine the total situation, considering inter alia, the merits of the case, the complexity of the legal issues and the litigant's ability to represent himself. Id. At this stage of his case, Plaintiff has not demonstrated "exceptional circumstances" sufficient to convince the Court that he is entitled to appointed counsel in this civil action.

From a review of the documents filed in this case to the present time, the Court finds that Plaintiff has the capacity to prosecute the claim and that Plaintiff has a basic understanding of the legal procedures to be followed. In support of his Motions, Plaintiff notes that he has had difficulty

accessing the law library due to Covid-19 restrictions and that his legal documents were delayed in transit when he was transported to his present location. (ECF No. 24 at p.1). Additionally, in both Motions he notes that he is due to be released from federal custody on December 7, 2021 and seeks additional time to find counsel when he is released. In his second Motion, he notes that his physical conditions have worsened. Despite the difficulties Plaintiff has encountered, his submissions to the Court have clearly set forth his claims and have been easy to understand. Thus, the Court determines that Plaintiff does not, at this time, meet the test for appointment of counsel. Upon Plaintiff's release from incarceration, he is reminded that he must file a change of address with the Court. Additionally, Plaintiff should make reasonable efforts to obtain counsel when he is released and should be prepared to present the Court with information about his search for private counsel if such efforts are unsuccessful and he again moves the Court for the appointment of counsel.

      IT IS THEREFORE ORDERED that Plaintiff's Motions for Appointment of Counsel (ECF Nos. 24, 27) are DENIED without prejudice.

SO ORDERED

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 3, 2021